IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-02038-WYD-KLM

JOSEPH M. ERNEST

Plaintiff,

v.

LOCKHEED MARTIN CORPORATION

Defendant.

---

**DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION TO DISMISS OR
IN THE ALTERNATIVE STAY PROCEEDINGS PENDING ARBITRATION**

---

Defendant Lockheed Martin Corporation ("Lockheed Martin") respectfully moves under

Fed. R. Civ. P. 12(b)(1) and requests that the Court dismiss plaintiff's complaint or, in the

alternative, stay these proceedings pending completion of arbitration in accordance with the

parties' agreement to arbitrate this dispute.

## I.    INTRODUCTION

According to the complaint, plaintiff Joseph M. Ernest ("Mr. Ernest") worked for

Lockheed Martin from February 2, 2004, until March 6, 2006, when he was deployed to Iraq

with the United States Navy.  Complaint (Docket No. 1) ¶¶ 5-8.  Mr. Ernest filed this action

asserting two claims against Lockheed Martin for allegedly failing to re-employ him following

his military service in Iraq:  (i) a claim under the Uniformed Services Employment and

Reemployment Rights Act ("USERRA"), and (ii) a claim for civil fines under "part 6" of

Title 28 of the Colorado Revised Statutes.  To the extent Mr. Ernest has a claim under either

statute, he must pursue those claims in arbitration in accordance with an agreement he executed

while working at Lockheed Martin.

Accordingly, Lockheed Martin requests that this Court dismiss the complaint and enter

an order compelling arbitration of Mr. Ernest's claims.  Alternatively, Lockheed Martin requests

that if the Court retains jurisdiction, the Court stay these proceedings pending the outcome of the

arbitration.

## II.    THE ARBITRATION AGREEMENT

A.    Terms of the Arbitration Agreement

On July 18, 2005, Mr. Ernest executed an Arbitration Agreement (the "Arbitration

Agreement") with Lockheed Martin.  *Exhibit 1-A*.  The Arbitration Agreement requires all

disputes covered by the Arbitration Agreement to be submitted to arbitration when the sued

party, here Lockheed Martin, elects to divert the case from court to arbitration.  *Id.* ¶ 4.  Disputes

covered by the Arbitration Agreement include

> all disputes arising out of or relating to [Mr. Ernest's] application, hiring,
> employment, terms and conditions of employment, or [his] separation from
> employment, including . . . claims relating to . . .employment discrimination
> covered by federal, state or local laws, ordinances, statutes or state common law
> or tort law.  *Id.* ¶ 2.

The only disputes not covered by the Arbitration Agreement are those pertaining to

workers' compensation and/or unemployment compensation, covered by collective bargaining

agreements, related to benefit plans, or related to protection of confidential information.  *Id.* ¶ 3.

#1290571 v3

B.   Lockheed Martin's Election of Arbitration

In accordance with the Arbitration Agreement, Lockheed Martin hereby elects to divert this case to arbitration.

### III.   ARGUMENT

A.   Mr. Ernest's Claims Should Be Dismissed.

Rule 12(b)(1) mandates dismissal where there is a lack of subject matter jurisdiction. The Court lacks subject matter jurisdiction over claims for relief that are subject to arbitration. *See Hagerman v. United Transportation Union,* 281 F.3d 1189, 1195 (10th Cir. 2002); *Encore Prods., Inc. v. Promise Keepers,* 53 F. Supp. 2d 1101, 1111 (D. Colo. 1999) (court lacked subject matter jurisdiction to hear claims after finding valid arbitration agreement); *see also, Morrison v. Colorado Permanente Medical Group, P.C.,* 983 F. Supp. 937, 947 (D. Colo. 1997 ) (dismissing claims under Rule 12(b)(1) due to arbitration clause).  In considering this Rule 12(b)(1) motion, the Court may consider the attached affidavit and the Arbitration Agreement. *Encore Prods., Inc.,* 53 F. Supp. 2d at 1107.  Importantly, Mr. Ernest bears the burden of showing that the Court has subject matter jurisdiction over this case, despite the Arbitration Agreement. *Id.*

An agreement to arbitrate must be enforced unless the opposing party can positively show that the agreement is not susceptible to any interpretation that would cover the asserted claims. *Local 5-857 Paper v. Conoco, Inc.,* 320 F.3d 1123, 1126 (10th Cir. 2003) (quoting *AT&T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648 (1986)); *Encore Prods.,* 53 F. Supp. 2d at 1110.  In construing the Arbitration Agreement, the Court must apply the federal courts' clear presumption in favor of arbitrability. *Fuller v. Pep Boys,* 88 F. Supp. 2d

1158, 1162 (D. Colo. 2000).  Any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration.  *Id.* at 1161; *Local 5-857 Paper*, 320 F.3d at 1126.

Construing the Arbitration Agreement liberally and in accordance with the relevant case law and the strong federal policy favoring arbitration, Mr. Ernest's USERRA and Colorado statutory claims are subject to arbitration.  *Fuller*, 88 F. Supp. 2d at 1162.  Accordingly, the Court should dismiss this case pursuant to Rule 12(b)(1).

B.      Alternatively, the Court Must Stay the Proceedings Pending Arbitration.

If the Court is not inclined to dismiss the case, a stay is clearly warranted.  The Federal Arbitration Act ("FAA"), consented to by the parties in the Arbitration Agreement, expressly allows for a stay of all claims pending arbitration.  *Exhibit 1-A* ¶ 4; 9 U.S.C. § 3; *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1133 (10th Cir. 2004); *Fuller v. Pep Boys*, 88 F. Supp. 2d 1158, 1162-63 (D. Colo. 2000).

C.      USERRA Claim is Subject to Arbitration.

Mr. Ernest may attempt to avoid the clear effect of the parties' Arbitration Agreement by arguing that federal law prevents the arbitration of USERRA claims.  Any such argument is misplaced.  First, the general federal policy favoring the arbitration of disputes includes statutory employment claims.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA.); *see also Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1487 (10th Cir. 1994) (Title VII claims subject to arbitration).

Moreover, nothing in the text of USERRA precludes arbitration.  In rejecting such a claim, the Fifth Circuit Court of Appeals, in *Garrett v. Circuit City Stores*, 449 F.3d 672, 676

4

(5th Cir. 2006), held that arbitration does not reduce, limit, or eliminate any right under

USERRA. *Id.* Rather, arbitration is a *procedural* means to enforce USERRA that is not

inconsistent with the effective vindication of USERRA's right to be free from unlawful

discrimination. *Id.* at 681. Accordingly, valid arbitration agreements are not preempted by

USERRA. *Id.* (citing to *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S.

614, 626-27 (1985) (stating that "by agreeing to arbitrate a statutory claim, a party does not

forego the *substantive* rights afforded by the statute; it only submits to their resolution in an

arbitral, rather than a judicial forum") (emphasis added).

    *Garrett* and its progeny are consistent with the Supreme Court's determination that the

right to a judicial forum for claims of employment discrimination is not a substantive right. *Kitts*

*v. Menards, Inc.,* 2007 U.S. Dist. LEXIS 73052, at **18-19 (N.D. Ind. Sept. 28, 2007)

(unpublished opinion, copy attached as *Exhibit 2*). A majority of courts follow *Garrett.*[1] *See*

*Kitts,* 2007 U.S. Dist. LEXIS 73052, at **18-19 (compelling arbitration of USERRA claim);

*Landis v. Pinnacle Eye Care, LLC,* 2007 U.S. Dist. LEXIS 66118, at **17-18 (W.D. Ky. Sept. 6,

2007) (unpublished, copy attached as *Exhibit 3*) (staying proceedings for arbitration of USERRA

claim); *Baudoin v. Mid-Louisiana Anesthesia Consultants, Inc.,* 2007 U.S. Dist. LEXIS 55051, at

** 13-14 (W.D. La. July 30, 2007) (unpublished, copy attached as *Exhibit 5*) (dismissing

---

[1] Three courts have ruled that Congress intended to preempt arbitration when it passed
USERRA: *Brecletic v. CACI, Inc.,* 413 F. Supp. 2d 1329, 1337 (N.D. Ga. 2006); *Lopez v.
Dillard's Inc.,* 382 F. Supp. 2d 1245, 1248 (D. Kan. 2005); and *Roslyn v. Northwest Airlines,
Inc.,* 2005 U.S. Dist. LEXIS 45193 (D. Minn. June 29, 2005) (unpublished, copy attached hereto
as *Exhibit 4*). All of these decisions, however, pre-date the Fifth Circuit Court of Appeals'
holding in *Garrett* and their reliance on Section 4302(b)'s reference to "any right" to mean the
"right" to try USERRA claims in federal court is inconsistent "with the Supreme Court's
determination that the right to a judicial forum for claims of employment discrimination is not a
substantive right." *Kitts,* 2007 U.S. Dist. LEXIS 73052, at *8.

USERRA claims based on arbitration agreement); *Klein v. City of Lansing,* 2007 U.S. Dist.

LEXIS 36825, **12-13, 20 (W.D. Mich. May 21, 2007) (unpublished, copy attached as

*Exhibit 6*) ("The adjudication of [USERRA] rights by an arbitrator, like a court, does not reduce,

limit or eliminate any 'right' under USERRA.  It simply provides a time-tested and effective

mechanism for quick and efficient adjudication.  The Federal Arbitration Act endorses these

mechanisms as does this Court.").

## IV.    CONCLUSION

For the reasons stated above, defendant Lockheed Martin Corporation respectfully

requests that the Court dismiss the complaint or, in the alternative, stay these proceedings

pending completion of the parties' agreed-upon arbitration.

Dated this 3rd day of December, 2007.

s/ *Mary Hurley Stuart*
Mary Hurley Stuart, # 10947
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado  80203-4541
Telephone:    (303) 861-7000
Facsimile:    (303) 866-0200
E-Mail: mary.stuart@hro.com

ATTORNEYS FOR DEFENDANT

Defendant's Address:

Lockheed Martin Technology Services
1670 North Newport Road, Suite 450
Colorado Springs CO 80916

#1290571 v3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2007, I electronically filed the foregoing **DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS PENDING ARBITRATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following party.

George C. Aucoin
Law Offices of George C. Aucoin, APLC
3500 N. Hullen Street
Metairie, Louisiana  70002
Email:  aucoingc@att.net


s/  Kay Sorg
Kay Sorg