IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02038-WYD-KLM

JOSEPH M. ERNEST,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

    Defendant.

---

# MINUTE ORDER

---

ORDER ENTERED BY JUDGE WILEY Y. DANIEL

    This matter comes before the Court on the discrete issue of whether Defendant Lockheed Martin Corporation's Motion to Dismiss or in the Alternative Stay Proceedings Pending Arbitration (docket #9) should be converted to a motion for summary judgment pursuant to Fed. R. Civ. 56. In his response to the Defendant's motion to dismiss, Plaintiff states that since Defendant attached an arbitration agreement and two affidavits to the motion, it should be converted to a motion for summary judgment.

    When a party's Rule 12(b)(1) motion challenges the facts upon which subject matter jurisdiction depends, "a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Sizova v. National Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (*quoting Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted)). "Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Fed. R. Civ. P. 56." *Id.*

    The Tenth Circuit recognizes an exception to this general rule, where "the jurisdictional question is intertwined with the merits of the case." *Id. (quoting Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)); *see also Paper, Allied-Industrial, Chemical and Energy Workers Inter. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000);

*United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 (10th Cir. 1996). The Tenth Circuit has stated that "'[t]he underlying issue [in determining whether the jurisdictional question is intertwined with the merits] is whether the resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" *Continental Carbon*, 428 F.3d at 1292 (quoting *Pringle*, 208 F.3d at 1223). Further, subject matter jurisdiction and the merits are considered to be intertwined "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case." *Id. (quoting Wheeler*, 825 F.2d at 259; *see also Pringle*, 208 F.3d at 1223). The underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim. *Sizova v. National Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

After carefully reviewing both the aforementioned authority and pleadings in this case, I do not find that Defendant Lockheed Martin Corporation's Motion to Dismiss or in the Alternative Stay Proceedings Pending Arbitration should be converted to a motion for summary judgment pursuant to Fed. R. Civ. 56. I do not find that the jurisdictional issue raised by the arbitration agreement and the merits of Plaintiff's USERRA claim are intertwined. The substantive merits of Plaintiff's USERRA claim are not implicated by the arbitration agreement. The resolution of Defendant's motion to dismiss will not resolve any substantive aspect of Plaintiff's claim.

Accordingly, to the extent that the Plaintiff requests this Court to convert Defendant Lockheed Martin Corporation's Motion to Dismiss or in the Alternative Stay Proceedings Pending Arbitration to a motion for summary judgment, that request is **DENIED.** Defendant may file its reply to the motion to dismiss within (10) ten days of the date of this Order.

Dated: January 31, 2008