IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02038-WYD-KLM

JOSEPH M. ERNEST,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

    Defendant.

**ORDER**

I.     INTRODUCTION

THIS MATTER comes before the Court on the Defendant Lockheed Martin Corporations' Motion to Dismiss or in the Alternative Stay Proceedings Pending Arbitration (docket #9), filed December 3, 2007. The Plaintiff filed a response and the Defendant filed a reply in support of its motion. After carefully considering the pleadings submitted by both parties, and for the reasons stated below, I find that Defendant's request for limited discovery is appropriate. Accordingly, the motion is deferred pending further limited discovery as set forth below.

II.     BACKGROUND

In this action, the Plaintiff asserts the following two claims for relief arising out of the Defendant's alleged failure to re-employ him following his military service in Iraq: (1) a claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and (2) a claim for civil fines under Colorado law. The Defendant has

moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or in the alternative stay these proceedings pending the outcome of arbitration.

By way of background, on October 1, 2007, Plaintiff filed the instant action alleging that the Defendant failed to reemploy him after returning from his military service in Iraq. In its motion to dismiss or in the alternative stay the proceedings, the Defendant alleges that on July 18, 2005, the Plaintiff executed an arbitration agreement with the Defendant. (Def.'s Ex. A.) The arbitration agreement requires all disputes covered by the agreement to be submitted to arbitration when the sued party elects to divert the case from court to arbitration. (*Id.* ¶ 4.) Specifically, the arbitration agreement defines disputes covered by the agreement to include

> all disputes arising out of or relating to your application, hiring, employment, terms and conditions of employment, or your separation from employment, including . . . claims relating to employment discrimination . . . covered by federal, state, or local laws, ordinances, statutes or state common law or tort law. For example, the Agreement covers all claims of: wrongful discharge, whistleblower protection, unlawful retaliation, defamation, emotional distress, breach of express or implied contract, violation of public policy, or under employment discrimination laws such as Title VII of the Civil Rights Act of 1866 or 1964, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Americans With Disabilities Act, the Family Medical Leave Act, or any federal, state or local law or ordinance pertaining to your employment.

(*Id.* ¶ 2.) Further, the arbitration

> Agreement does not cover disputes pertaining to workers' compensation and/or unemployment compensation; disputes covered by collective bargaining agreements; disputes related to benefits such as those included in plans

> providing retirement, savings, life insurance, disability
> benefits, and/or medical benefits; or, disputes relating to the
> protection of information that is confidential, trade secret,
> classified, or otherwise proprietary to the Company . . . .

(*Id.* ¶ 3.) The Defendant states that pursuant to the arbitration agreement, the Defendant "elects to divert this case to arbitration." (Mot. at 3.)

In his response, Plaintiff disputes Defendant's argument. Specifically, Plaintiff claims that he did not enter into an arbitration agreement with the Defendant. Plaintiff attached an affidavit to his response averring that he "did not sign an arbitration agreement with Lockheed Martin Corp." (Pl.'s Aff. ¶ 11.) Plaintiff further states that "[t]he first notice I had that a purported arbitration agreement was being advanced as a defense by Lockheed Martin Corp. in my lawsuit against them was when my attorney faxed me a copy of the purported agreement with my purported signature." (Pl.'s Aff. ¶ 14.) Plaintiff argues that he does not recall any discussion of an arbitration agreement with the Defendant in 2005 nor does he have a copy of the purported agreement. (Resp. at 7.)

Plaintiff also attaches an affidavit from a former co-worker, Emmit Miller, who states that he did not execute an arbitration agreement with the Defendant. (Miller Aff. ¶ 11.) Mr. Miller further states that he was with the Plaintiff when the employees were gathered to complete their healthcare forms, retirement benefit forms and other paperwork. (Miller Aff. ¶¶ 4-6.)

III. <u>STANDARD OF REVIEW</u>

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc.*

*v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990). Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998). "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994). "Mere conclusory allegations of jurisdiction are not enough." *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999).

When a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Where there is a facial attack, the Court must look to the factual allegations of the Complaint. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment. *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). "The trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Osborn v. United States*, 918 F.2d 724, 730 (*quoting Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

"Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the

issue." *Osborn*, 918 F.2d at 730.

IV. ANALYSIS

As I previously stated, in its motion, the Defendant argues that this case should be dismissed for lack of subject matter jurisdiction or in the alternative stayed pending arbitration. The Defendant claims the since the parties entered into an arbitration agreement that applies to this dispute and the Defendant elected to divert this dispute to arbitration, the matter should be dismissed or stayed.

### A. Whether the Plaintiff Entered into an Arbitration Agreement with the Defendant

In response to Plaintiff's claim that he did not enter into an arbitration agreement with the Defendant, the Defendant argues that the signature on the Plaintiff's affidavit attached to his response and the arbitration agreement attached to the motion are the same. Also, the Defendant argues that the Plaintiff fails to state that the signature on the arbitration agreement is not his. The Defendant further claims that while the Plaintiff argues that he has no recollection of being presented with an arbitration agreement and then states that he did not sign an arbitration agreement, Plaintiff never denies that the signature on the arbitration agreement is not his.

After carefully reviewing the pleadings submitted by the parties, I find that I need additional information in order to determine whether an enforceable arbitration agreement exists between the parties. The Tenth Circuit has held that courts are authorized to permit limited discovery where the jurisdiction of the court depends on the resolution of a disputed jurisdictional fact. "Although a district court has discretion in the manner by which it resolves an issue of subject matter jurisdiction under Rule

12(b)(1), a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova v. Nat'l Inst. of Standards. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (internal citations omitted). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of facts is necessary.'" *Id.* Therefore, I find that limited discovery as suggested by the Defendant in its reply is appropriate in this matter. The discovery is limited to the issue of whether the Plaintiff's signature on the arbitration agreement is valid. Such limited discovery shall be completed within thirty (30) days of the date of this Order.

V.  CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant Lockheed Martin Corporations' Motion to Dismiss or in the Alternative Stay Proceedings Pending Arbitration (docket #9), filed December 3, 2007, is **DEFERRED** pending limited discovery as set forth in this Order. Such limited discovery shall be completed within thirty (30) days of the date of this Order.

Dated: April 4, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge