IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02038-WYD-KLM

JOSEPH M. ERNEST,

    Plaintiff(s),

v.

LOCKHEED MARTIN CORPORATION,

    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Emergency Motion for Protective Order and Sanctions** [Docket No. 37; Filed May 29, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 40; filed June 2, 2008], the entire case file, and applicable case law and is fully advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

    Plaintiff seeks a protective order "prohibiting the Defendant from taking the unilaterally and untimely-noticed deposition of Emmett Miller on June 4, 2008." *Motion* [#37], p. 1. The filing of the Motion had the immediate effect of staying the deposition until further order of the Court, pursuant to D.C.COLO.L.Civ.R. 30.2A. Because I am now denying the Motion, the deposition shall proceed as scheduled.

    Plaintiff contends that Defendant should be prohibited from taking the deposition of

1

Mr. Miller, a non-party witness, because: (1) such discovery violates the Court's previous Order permitting only limited discovery into the issue of whether Plaintiff signed an arbitration agreement governing this dispute; (2) the deposition notice was untimely pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules; and (3) defense counsel failed to demonstrate "common professional courtesy in scheduling depositions." *Motion* [#37], pgs. 2-6. None of Plaintiff's contentions have merit.

First, the District Court's Order of April 4, 2008 [Docket No. 27] deferred Defendant's Motion to Dismiss or in the Alternative to Stay Proceedings Pending Arbitration so that the parties could conduct limited discovery regarding "the issue of whether the Plaintiff's signature on the arbitration agreement is valid." *Id.* at 6. Importantly, the District Court ordered that such discovery be completed within thirty days of the date of the Order, thus clearly expressing the desire for alacrity by the parties.[1] Aside from stating that Defendant was required to persuade Plaintiff that Mr. Miler's deposition was within the scope of the Court's Order, Plaintiff offers no justification for his conclusory assertions that Mr. Miller's deposition is beyond the scope of that Order. For its part, Defendant asserts that Miller executed an affidavit in which he averred that he "completed [his] paperwork for Lockheed Martin Corp. in the same room and the same time [Plaintiff] completed his paperwork. . . [and that Mr. Miller] did not sign an arbitration agreement with Lockheed Martin Corp." *Response* [#40], p. 2; Docket No. 13-7 at 2-3. Defendant is entitled to question Mr. Miller

---

[1] This deadline was later extended to June 9, 2008 upon Joint Motion of the parties, for good cause shown [Docket No. 31; Filed April 30, 2008].

regarding these circumstances, which relate to the validity or invalidity of Plaintiff's alleged signature on the arbitration agreement. Indeed, the Court's Order [#27 at 3] allowing limited discovery makes specific reference to Mr. Miller's affidavit. The relevance of Mr. Miller's testimony to the issue on which limited discovery has been permitted is beyond question.

Second, the notice of Mr. Miller's deposition was not untimely under either the Federal Rules of Civil Procedure or the Local Rules of this Court. D.C.COLO.L.Civ.R. 30.1 provides that "reasonable notice for the taking of depositions shall be *not less than* 11 days, as computed under Fed. R. Civ. P. 6." (emphasis added). The federal rule specifies that in computing time under the Local Rules, parties must "exclude intermediate Saturdays, Sundays and legal holidays when the period is *less than* 11 days." Fed. R. Civ. P. 6(a)(2). Because the Local Rule requires at least 11 days for reasonable notice, no intervening days are excluded from the appropriate count. The calendar indicates that there were 12 days between May 23, 2008, the undisputed date of the deposition notice, and June 4, 2008, the scheduled date of Mr. Miller's deposition. Moreover, Plaintiff's contention that Fed. R. Civ. P. 6(d) "provides that an additional three days are added to any time period when service is effected by any means other than hand delivery" is erroneous. Rule 6(d) adds three days only "when a party must act within a specified time after service." In other words, Rule 6(d) alters the time period for a party to respond when service is effected in certain ways; it does not alter a deadline for a party to serve a deposition notice under the Local Rules.

Finally, Plaintiff's general contention that defense counsel acted improperly in noticing Mr. Miller's deposition is mystifying. Plaintiff generally asserts that defense counsel "obstinate[ly] refus[ed] to withdraw Miller's deposition," "noticed the deposition. . . despite lack of any agreement between the parties to conduct such a deposition," and failed to "demonstrate common professional courtesy in scheduling depositions." *Motion* [#37], pgs. 1, 2, 6. Defendant provided copies of emails between defense counsel and Plaintiff's counsel which clearly show not only that Plaintiff's counsel was notified of Defendant's intent to depose Mr. Miller and consulted about an appropriate date and time for the deposition, but that he failed to object to the deposition until after service of the deposition notice itself. *Response* [#40], at Ex. C; Ex. D; Ex. E; Ex. F; Ex. G; Ex. H. I find nothing in this correspondence which demonstrates any impropriety by defense counsel. Moreover, Plaintiff's counsel statement that "trial counsel is not available on June 4, 2008 to attend a deposition of Emmett Miller" is disingenuous, given that Mr. Miller's deposition is set one hour before Plaintiff's deposition on the very same day, and the Court can safely assume that "trial counsel" will be present to defend Mr. Ernest's deposition. Needless to say, Plaintiff's request for "an award of his reasonable attorneys' fees and costs incurred in having to oppose Miller's deposition and prepare [the] Motion" is denied.

In conclusion, the Motion lacks substantial justification. Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Emergency Motion for Protective Order and Sanctions** [Docket No. 37; Filed May 29, 2008] is **DENIED**.

Defendant also seeks an award of its costs and attorneys' fees incurred in filing its

4

Response to the Motion. *Response* [#40], p. 8. Fed. R. Civ. P. 37(a)(5)(B) *requires* the Court to make such an award when the motion lacks substantial justification, unless "other circumstances make an award of expenses unjust." The Rule further requires that the Court allow Plaintiff "an opportunity to be heard" before making such an award.

Accordingly, IT IS FURTHER **ORDERED** that Plaintiff shall show cause, in writing, on or before **June 18, 2008,** why the Court should not enter an Order awarding Defendant its reasonable costs and attorneys' fees incurred in Responding to the Motion. Defendant's response, if any, to Plaintiff's filing shall be made no later than **June 27, 2008.**

                                       BY THE COURT:

                                       __s/ Kristen L. Mix_____

                                       United States Magistrate Judge

Dated:        June 3, 2008