IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02038-WYD-KLM

JOSEPH M. ERNEST,

    Plaintiff(s),

v.

LOCKHEED MARTIN CORPORATION,

    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Sanctions for Spoliation of Evidence** [Docket No. 32; Filed May 2, 2008] (the "Motion for Sanctions"). The Court has reviewed the Motion for Sanctions, Defendant's Response [Docket No. 38; Filed May 29, 2008], Plaintiff's Reply [Docket No. 46; Filed June 13, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion for Sanctions is **DENIED**, as set forth below.

Plaintiff brings this case pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.*, alleging, *inter alia*, that Defendant failed to re-employ him after his involuntary deployment to active duty in Iraq. *Complaint,* [Docket No. 1; Filed October 1, 2007]. Defendant argues that Plaintiff executed an arbitration agreement that requires all disputes covered by the agreement to be

1

submitted to arbitration when Defendant elects to do so.  *Motion to Dismiss* [Docket No. 9; Filed December 3, 2007].  In response, Plaintiff contends that he did not enter into an arbitration agreement with Defendant [Docket No. 13; Filed January 18, 2008].

In the instant motion, Plaintiff requests that Defendant be sanctioned for failing to preserve relevant agreements and records in its custody and control, arguing that Defendant failed to preserve the original arbitration agreement it claims to have entered into with Plaintiff.  *Motion for Sanctions* [#32] at 1.  Plaintiff contends that "Defendant knows the original arbitration agreement is relevant to this matter, and had an obligation to preserve the records."  *Id.* at 2.  Defendant agrees that the original arbitration agreement has been lost, but contends that it was not lost during the course of this lawsuit.  *Response* [#38] at 2.  As such, Defendant argues that it was not under a duty to preserve the original agreement at the time when the original was lost.  *Id.*  Defendant further argues that there is no prejudice to Plaintiff, as Defendant has maintained a copy of the original arbitration agreement.  *Id.* at 7.

Spoliation of evidence is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *Cache La Poudre, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 613 (D.Colo. 2007) (citations omitted).  "A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."  *Burlington Northern and Santa Fe Ry. Co. V. Grant*, 505 F.3d 1013, 1032 (10th

Cir. 2007) (citing *103 Investors I, L..P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006)). The movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it. *In re Krause*, 367 B.R. 740, 764 (D.Kan. 2007) (citation omitted).

The first issue, then, is whether the original arbitration agreement was lost during the time that Defendant had a duty to preserve the original document. "In most cases, the duty to preserve evidence is triggered by the filing of a lawsuit. However, the obligation to preserve evidence may arise even earlier if a party has notice that future litigation is likely." *Cache La Poudre Feeds, LLC*, 244 F.R.D. at 621 (citations omitted). That is, "[w]hile a party should not be permitted to destroy potential evidence after receiving unequivocal notice of impending litigation, the duty to preserve relevant documents should require more than a mere possibility of litigation." *Id.* (citation omitted). Therefore, "[u]ltimately, the court's decision must be guided by the facts of each case." *Id.*

Accordingly, the Court must examine the time line and the facts present in this case. The arbitration agreement at issue here was purportedly signed on July 18, 2005. *Motion to Dismiss* [#9] at Ex. A. Plaintiff filed his Complaint [#1] on October 1, 2007, alleging that he was terminated from Defendant's employment on March 30, 2007. Defendant has filed the declaration of Mary Elizabeth Jones, Executive Assistance to the Vice President of Human Resources for Defendant. *Response* [# 38] at Ex. B. Ms. Jones states that, in response to Plaintiff's lawsuit, she was directed to search through the relevant files for the original arbitration agreement. *Id.* Ms. Jones further states that she searched through

3

more than 208 boxes of files in her attempt to locate the original arbitration agreement, but that she was unable to locate it. *Id.* She finally states that, to the best of her knowledge, no documents relating to Plaintiff were destroyed by Defendant, and that she has no reason to believe that the original arbitration agreement was lost after October 1, 2007. *Id.* Taking the above facts into consideration, I find that there is no indication that Defendant should have anticipated litigation any earlier than October 1, 2007, the date that Plaintiff filed his Complaint. Indeed, Plaintiff offers no evidence or argument as to whether Defendant should have earlier anticipated litigation by Plaintiff. Defendant further states that it has no reason to believe that the original arbitration agreement was lost after the date that Plaintiff filed his lawsuit. Because Defendant's counsel is an attorney and an officer of the Court, the Court is entitled to rely on the veracity of his statements. *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996). As such, there is no evidence before the Court that Defendant lost or destroyed the original arbitration agreement on or after October 1, 2007. Plaintiff has not met his burden of proving, by a preponderance of the evidence, that the Defendant failed to preserve evidence that it was under a duty to preserve or otherwise destroyed it. *In re Krause*, 367 B.R. 740, 764 (D.Kan. 2007) (citation omitted).

As I find that Plaintiff has failed to establish that Defendant destroyed or failed to preserve evidence it was under a duty to preserve, I decline to address the remainder of Plaintiff's arguments on this issue.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Sanctions for Spoliation of Evidence** [Docket No. 32; Filed May 2, 2008] is **DENIED**.

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge


Dated: July 28, 2008