EXHIBIT "A"

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| **JOSEPH M. ERNEST** | )   **Civil Action No.: 1:07-cv-02038-WYD-KLM** |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **LOCKHEED MARTIN CORPORATION** | ) |
| **Defendant.** | ) |
| | ) |

## <u>DECLARATION OF GEORGE C. AUCOIN</u>

**NOW INTO COURT**, under penalty of perjury as provided by law, the undersigned, **GEORGE C. AUCOIN**, attorney for Joseph M. Ernest, certifies pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

1.       I represent Mr. Ernest in the above captioned matter and have done so throughout my representation in a fully ethical, yet zealous manner, in compliance with the spirit and the letter of the Colorado Rules of Professional Conduct for attorneys practicing before this court.

2.       I have never insisted I will not arbitrate this matter.  Mr. Ernest has never insisted he will not arbitrate this matter.

3.       I have never said I will not participate in arbitration proceedings.  Mr. Ernest has never said he will not participate in arbitration proceedings.

4.       Counsel for Lockheed Martin Corp. never attempted to comply with D.C.Colo.L.CivR 7.1 prior to filing its Motion for Contempt and Dismissal.  I had to encourage counsel to have a phone conversation with me to put her into compliance.  I never said I did not

care if Lockheed Martin filed such a motion nor did I continue to refuse to arbitrate.

5.      I have not refused to comply for nine months with the Court's order on arbitration.  Mr. Ernest has not refused to comply for nine months with the Court's order on arbitration.

6.      Mr. Ernest, through counsel, objected to American Arbitration Association (AAA) selectee Janet Savage because her disclosure was that at least two of her former partners in law practice had represented Lockheed Martin subsidiaries.

7.      I have never denied the power and authority of this Court to order arbitration.  Mr. Ernest has never denied the power and authority of this Court to order arbitration.

8.      I never insisted that the AAA arbitration proceeding be cancelled.  I was requested by a AAA representative if I wanted to proceed or hold in abeyance.  I did not open the arbitration request, therefore I did not have the authority to close it.  I conveyed that sentiment to the AAA representative in clear terms.

9.      I never said, or wrote, that Mr. Ernest is not required to arbitrate this matter.

10.     I never refused to go forward with Magistrate Pringle as an arbitrator at any time, for any reason.  I did not say, or even suggest, to counsel for Lockheed Martin that an agreement was required between us on what evidence could be presented to Magistrate Pringle at arbitration.

11.     I have never sworn at counsel for Lockheed Martin nor have I ever called her derogatory names.

12.     I have never contacted Magistrate Pringle without including counsel for Lockheed

Martin Corp. in the communication, not have I ever said that I would not proceed with Magistrate Pringle as an arbitrator.

13.     I have not refused to abide by the Court's order on arbitration but have looked for a neutral arbitrator acceptable to both parties.

14.     I never said "I don't give a *** what the court says", at any time.   When that phrase appeared in a letter from Lockheed Martin Corp. counsel to a AAA representative, I immediately denounced it in clear terms.

I declare under penalty of perjury that the foregoing is true and correct.   Executed in Metairie, Louisiana, on May 08, 2009.

/s/George C. Aucoin
GEORGE C. AUCOIN

# EXHIBIT "B"

 **at&t**                                                                              [Print] [Close]

From:  aucoingc@att.net
  To:  "Stuart, Mary" <Mary.Stuart@huschblackwell.com>
  Cc:  AUCOINGC@ATT.NET
Subject:  Re: Ernest v. Lockheed Martin
  Date:  Friday, March 20, 2009 7:38:46 AM


Mary:

    I called your office this mornming and left a message encouraging you to call me today
to confer in good-faith in a reasonable attempt to understand, let alone resolve, your
client's odd motion for "contempt and dismissal."  Of course, contempt and dismissal is
disputed by Mr. Ernest...but you haven't made any attempt to discuss it with me.  Please
call and tell me what your "dispute" is.

                                             George Aucoin
                                             Attorney for Joseph Ernest


-------------- Original message ----------------------
From: "Stuart, Mary" <Mary.Stuart@huschblackwell.com>
>
> Mr. Aucoin,
>
> In accordance with ColoLRCivP 7.1A and in attempt to resolve the dispute
> over arbitration, on March 6, 2009, I requested that you provide us with
> the names of three neutral arbitrators by March 16, 2009, or we would
> return to federal district court.  You did not provide us with any
> names, but rather tried to impose additional conditions.  At this time
> we are prepared to file a motion for contempt and dismissal with the
> court.  Please let me know if you object.
>
> If I have not heard from you by 4:00 p.m., mountain time, on March 20,
> 2009, I will assume that you object and inform the court of your
> objection.
>
>    <http://www.huschblackwell.com/>
> Mary Hurley Stuart
> Partner
> Husch Blackwell Sanders LLP
> 1700 Lincoln Street, Suite 4700,
> Denver, CO  80203
> Direct Phone: 303.749.7207
> Direct Fax: 303.749.7272
> E-Mail: mary.stuart@huschblackwell.com
> <mailto:mary.stuart@huschblackwell.com>
> Website: www.huschblackwell.com <http://www.huschblackwell.com/>
>
>
>
>
> Pursuant to IRS requirements, we inform you that any federal tax advice
> contained in this message (including all constituent email correspondence,
> attachments, enclosures and/or exhibits) is not intended or written to be used,
> and cannot be used, for the purpose of (i) avoiding penalties under the internal
> Revenue Code or (ii) promoting, marketing or recommending to another party any
> transaction or matter addressed herein. ~#13f
>
>

EXHIBIT "C"

# LAW OFFICES OF GEORGE C. AUCOIN

### A PROFESSIONAL LAW CORPORATION

Donald L. Hyatt, II, APLC*

3500 N. Hullen Street
Metairie, Louisiana 70002

Telephone:  (985) 727-2263
Facsimile:  (985) 951-7490
Website: www.userralaw.com

*Of counsel

March 27, 2009

Dear Warriors, Clients and Friends:

On January 15, 2009, Senator Robert Casey (D-Pa) introduced, on behalf of Senator Ted Kennedy (D-Ma), a Bill into the 111th Congress identified as S.263, and known as the Servicemember's Access to Justice Act of 2009 (SAJA). On March 12, 2009, Representative Artur Davis (D-Al) introduced an identical Bill with the same name, (SAJA), and identified as H.R. 1474 into the House of Representatives. The House Bill was referred to the Committee on Veterans Affairs and to the Committees on Armed Services and Oversight and Government Reform. These two Bills, currently in Committee, are expected to emerge for a full vote of the House and Senate by May of 2009 and will make significant and important improvements to the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).

Key amendments to USERRA that the twin SAJA's would make are as follows:

1. A federal funding hook to trump states' Eleventh Amendment immunity;

2. Clarification that USERRA prohibits wage discrimination;

3. Prohibition of mandatory arbitration (this would overrule the 5th Circuit's holding in *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672 (5 Cir. 2006);

4. Clarification that Section 4302 of the Act applies to both substantive and procedural rights;

5. Revamping of the liquidated damages provision by removing the requirement that willfulness be shown and, instead, requiring that liquidated damages be awarded (with a mandatory minimum of $10,000) in all cases in which a violation is found, unless the employer can prove good faith;

6. Provision for liquidated damages for federal employees (there is none currently);

7. Establishment to a right to a jury trial in cases against private, state and local government employers (regardless of the type of relief sought);

8. Provision for awards of punitive damages in cases where an employer acted with malice or reckless indifference to the plaintiff's rights.

9. Mandatory awards of attorney's fees to prevailing plaintiffs (currently discretionary);

10. Clarification that a merger or transfer of assets is not necessary to impose successor liability (this would override the 11th Circuit's holding to the contrary in *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1237 (11 Cir. 2005);

11. Strengthening of the Act's injunction provision by providing that denials of re-employment and discharges "shall constitute irreparable harm".

The Servicemember's Access to Justice Act is the first major piece of legislation to strengthen the civilian employment rights of those who serve this country in our Armed Forces since 1994. There have, of course, been amendments to USERRA since 1994 but never have such a comprehensive package of improvements on behalf of military members been introduced before into Congress. Interestingly, President Obama was the sponsor on SAJA's 2008 version introduced by Senator Kennedy but which did not come up for vote in the 110th Congress.

I have attached to this letter both Senate and House versions of the Servicemember's Access to Justice Act of 2009. I strongly encourage all of you to support passage of this legislation by informing all voters you know to contact their state's Senators and Congressman (e-mail addresses and phone numbers available on Google and similar search engines) at your earliest convenience. I believe the month of April 2009 is the critical month to impress our Representatives in Congress with the importance of the passage of this legislation. If you have any additional questions about the legislation or how you can help to get it passed, please don't hesitate to contact me.

I remain,

Very truly yours,

George C. Aucoin
USERRA Warrior

GCA:lgh

# EXHIBIT "D"

To: Mary Stuart                                                                                      Page 1 of 2

 at&t                                                                 [· ·] [· ··]

From:   aucoingc@att.net
  To:   "Stuart, Mary" <Mary.Stuart@huschblackwell.com>
  Cc:   aucoingc@att.net
Subject:  Re: Ernest v. Lockheed Martin
  Date:   Friday, March 20, 2009 2:27:36 PM


Mary:

    To follow-up on your demand, again, during today's telephonic discussion wherein you
insisted "Give me three names of neutral arbitrators today or we will go to the Court!",
Mr. Ernest submits to you the following four names:

                                          Pat Coan
                                          Frank Plaut
                                          Kim Goldberger
                                          Bruce Pringle


Please let me know if you have any problems "vetting" these proposed arbitrators.

                                          Sincerely,

                                          George Aucoin
                                          Attorney for Joseph M. Ernest
-------------- Original message ----------------------
From: "Stuart, Mary" <Mary.Stuart@huschblackwell.com>
>
> Mr. Aucoin,
>
> In accordance with ColoLRCivP 7.1A and in attempt to resolve the dispute
> over arbitration, on March 6, 2009, I requested that you provide us with
> the names of three neutral arbitrators by March 16, 2009, or we would
> return to federal district court.  You did not provide us with any
> names, but rather tried to impose additional conditions.  At this time
> we are prepared to file a motion for contempt and dismissal with the
> court.  Please let me know if you object.
>
> If I have not heard from you by 4:00 p.m., mountain time, on March 20,
> 2009, I will assume that you object and inform the court of your
> objection.
>
>    <http://www.huschblackwell.com/>
> Mary Hurley Stuart
> Partner
> Husch Blackwell Sanders LLP
> 1700 Lincoln Street, Suite 4700,
> Denver, CO  80203
> Direct Phone: 303.749.7207
> Direct Fax: 303.749.7272
> E-Mail: mary.stuart@huschblackwell.com
> <mailto:mary.stuart@huschblackwell.com>
> Website: www.huschblackwell.com <http://www.huschblackwell.com/>
>
>
>
>
>
> Pursuant to IRS requirements, we inform you that any federal tax advice

# EXHIBIT "E"

*Technology Services Procedure No: SGP-563, Exhibit dated 10-27-03*

## ARBITRATION AGREEMENT

**Intent of Agreement**: It is Lockheed Martin's intent to resolve all employment related disputes in good faith, fairly, and efficiently by allowing either party hereto, which is sued in court by the other, the option to divert to arbitration for final and binding decision by a neutral arbitrator such cases covered herein. "Employee" is signatory below. "Company" or "Employer" is the Lockheed Martin Corporation, and its subsidiaries, affiliates, officers, employees, and agents.

**Scope of Disputes Covered By This Agreement:** This Agreement covers all disputes arising out of or relating to your application, hiring, employment, terms and conditions of employment, or your separation from employment, including, for instance, claims relating to employment discrimination, such as issues of race, sex, age, national origin, religion, physical or mental disability, or any other form of employment discrimination covered by federal, state or local laws, ordinances, statutes or state common law or tort law. For example, this Agreement covers all claims of: wrongful discharge, whistleblower protection, unlawful retaliation, defamation, emotional distress, breach of express or implied contract, violation of public policy, or under employment discrimination laws such as Title VII of the Civil Rights Act of 1866 or 1964, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Americans With Disabilities Act, the Family Medical Leave Act, or any federal, state or local law or ordinance pertaining to your employment.

**Disputes Not Covered By This Agreement:** This Agreement does not cover disputes pertaining to workers' compensation and/or unemployment compensation; disputes covered by collective bargaining agreements; disputes related to benefits such as those included in plans providing retirement, savings, life insurance, disability benefits, and/or medical benefits; or, disputes relating to the protection of information that is confidential, trade secret, classified, or otherwise proprietary to the Company, or any of its customers, contractors, or subcontractors.

**The Agreement:** Company and Employee agree that all disputes covered by this Agreement shall be submitted to arbitration in accordance with the terms of this Agreement, rather than to Court when the sued party elects to divert the case to arbitration from court. The party electing arbitration shall give notice of invoking arbitration by filing a notice with the court invoking arbitration, with a copy of this notice to the other party. Such notice shall be filed with the Court by the time the Answer or other initial response to the court Complaint is due to be filed. The parties each agree to diversion of such disputes to Arbitration as described in this Agreement. Accordingly, Employee and Employer understand that, in that event, they waive the right to trial by jury in Court and instead agree to determination by a neutral arbitrator selected under the terms of this Agreement. This Agreement is enforceable in federal court pursuant to the Federal Arbitration Act.

10

administrative remedies for employment discrimination claims were not timely invoked or exhausted; and (iv) in no event may an award be made which is in excess of that sought by either party.

**"Employment-At-Will" Status Not Changed**:  This Agreement applies notwithstanding the Employee being employed "at-will", and does not otherwise create any other contractual relation or express or implied period of employment between the Employer and Employee.

**Judicial Review**:  The United States District Court having jurisdiction over the parties may review the Arbitrator's decision for conformance with applicable law.

**Right to Review this Agreement by Your Attorney Before Signing**:  This Agreement surrenders rights of both parties, such as Employee's right to have a judge in court and jury determine your employment claims.  You should therefore review this Agreement with your attorney before signing it.  You must sign this Agreement as a condition of employment.  You may not begin work until you have signed the Agreement.

**AGREED.**

_Joseph M Ernest_   18 Jul 05

Employee's Signature and Date

_Joseph u Ernest_

Employee Printed Name

# EXHIBIT "F"

 **at&t**                                                                              [Print] [Close]

From:   aucoingc@att.net
  To:   Bruce Pringle <bdpringle@msn.com>, <mary.stuart@huschblackwell.com>
Subject: Re: Earnst. v. Lockheed Martin
  Date:   Sunday, April 26, 2009 5:58:38 AM


Judge Pringle:

    If the parties want you to arbitrate this matter, including the a priori issue of
"What agreement applies?" are you still available as previously discussed?  My client
wanted to get that question answered before an arbitrator was retained but, perhaps, as I
think you are indicating, its only a question that can be answered after we begin an
arbitration proceeding.

                                      George Aucoin
                                      Attorney for Joseph Max Ernest
-------------- Original message -----------------------
From: Bruce Pringle <bdpringle@msn.com>
>
>
> Counsel:
>
> I have received Mr. Aucoin's e-mail of April 10, 2009.  I do not have access to
> pacer, so I cannot access Judge Daniels' decision.  Additionally, in order to
> answer Mr. Aucoin's questions, I would want to also review the arbitration
> agreement.  However, there is a more fundamental problem than my lack of access
> to the relevant documents.  During our telephone conversation last Tuesday, it
> seemed that there were disagreements between the parties regarding the scope of
> discovery and perhaps the nature of relief that might be available.  I have
> already discussed with you my general views on these subjects.  I feel that it
> would be inappropriate for me to go further and render an opinion on disputed
> issues based upon the actual arbitration agreement simply to assist the parties
> in determining whether they want me to sit as an arbitrator on the case.
>
>
>
> Yours truly,
>
> Bruce D. Pringle
>
>
>
>

From: Bruce Pringle                                                          Page 1 of 2

 **at&t**                                                    [send] [close]

From:     Bruce Pringle <bdpringle@msn.com>
To:       <aucoingc@att.net>, <mary.stuart@huschblackwell.com>
Subject:  RE: Earnst. v. Lockheed Martin
Date:     Monday, April 27, 2009 11:58:16 AM


Sure.  If both you and Mary want to appoint me as the arbitrator, just 3-mail me and let me
know.  If so, we should set up a time for a telephonic scheduling conference.  I am available on
Tues and Wednesday this week.  Next week I am out of pocket because I will be traveling back
to Denver.  I am available the entire week of May 11th.

> From: aucoingc@att.net
> To: bdpringle@msn.com; mary.stuart@huschblackwell.com
> Subject: Re: Earnst. v. Lockheed Martin
> Date: Sun, 26 Apr 2009 10:58:38 +0000
>
> Judge Pringle:
>
> If the parties want you to arbitrate this matter, including the a priori issue of "What
agreement applies?" are you still available as previously discussed? My client wanted to get that
question answered before an arbitrator was retained but, perhaps, as I think you are indicating,
its only a question that can be answered after we begin an arbitration proceeding.
>
> George Aucoin
> Attorney for Joseph Max Ernest
> ------------ Original message ---------------------
> From: Bruce Pringle <bdpringle@msn.com>
> >
> >
> > Counsel:
> >
> > I have received Mr. Aucoin's e-mail of April 10, 2009. I do not have access to
> > pacer, so I cannot access Judge Daniels' decision. Additionally, in order to
> > answer Mr. Aucoin's questions, I would want to also review the arbitration
> > agreement. However, there is a more fundamental problem than my lack of access
> > to the relevant documents. During our telephone conversation last Tuesday, it
> > seemed that there were disagreements between the parties regarding the scope of
> > discovery and perhaps the nature of relief that might be available. I have
> > already discussed with you my general views on these subjects. I feel that it
> > would be inappropriate for me to go further and render an opinion on disputed
> > issues based upon the actual arbitration agreement simply to assist the parties
> > in determining whether they want me to sit as an arbitrator on the case.
> >
> >
> >
> > Yours truly,
> >
> > Bruce D. Pringle
> >
> >
> >



                                                                          [Print] [Close]

From:    aucoingc@att.net
  To:    Bruce Pringle <bdpringle@msn.com>, <mary.stuart@huschblackwell.com>
  Cc:    aucoingc@att.net
Subject: RE: Earnst. v. Lockheed Martin
  Date:  Wednesday, May 6, 2009 7:40:38 PM


   Magistrate Pringle:

      Have you heard anything from Mary Stuart on behalf of Lockheed?  She has not
   responded to any of my phone calls, letters or 3-mails to you.  My client is ready to
   begin arbitration.

                                  George Aucoin
                                  Attorney for Joseph M. Ernest


   ------------- Original message ----------------------
   From: Bruce Pringle <bdpringle@msn.com>
   >
   >
   > Sure.  If both you and Mary want to appoint me as the arbitrator, just 3-mail me
   > and let me know.  If so, we should set up a time for a telephonic scheduling
   > conference.  I am available on Tues and Wednesday this week.  Next week I am out
   > of pocket because I will be traveling back to Denver.  I am available the entire
   > week of May 11th.
   >
   > > From: aucoingc@att.net
   > > To: bdpringle@msn.com; mary.stuart@huschblackwell.com
   > > Subject: Re: Earnst. v. Lockheed Martin
   > > Date: Sun, 26 Apr 2009 10:58:38 +0000
   > >
   > > Judge Pringle:
   > >
   > > If the parties want you to arbitrate this matter, including the a priori issue
   > of "What agreement applies?" are you still available as previously discussed? My
   > client wanted to get that question answered before an arbitrator was retained
   > but, perhaps, as I think you are indicating, its only a question that can be
   > answered after we begin an arbitration proceeding.
   > >
   > > George Aucoin
   > > Attorney for Joseph Max Ernest
   > > ------------- Original message ----------------------
   > > From: Bruce Pringle <bdpringle@msn.com>
   > > >
   > > >
   > > > Counsel:
   > > >
   > > > I have received Mr. Aucoin's e-mail of April 10, 2009. I do not have access
   > to
   > > > pacer, so I cannot access Judge Daniels' decision. Additionally, in order to
   > > > answer Mr. Aucoin's questions, I would want to also review the arbitration
   > > > agreement. However, there is a more fundamental problem than my lack of
   > access
   > > > to the relevant documents. During our telephone conversation last Tuesday,
   > it

 **at&t**                                                                    [ ••• ] [ ••• ]

From: Bruce Pringle <bdpringle@msn.com>
To: <aucoingc@att.net>
Subject: RE: Earnst. v. Lockheed Martin
Date: Wednesday, May 6, 2009 10:05:52 PM

I have not heard from Ms. Stuart.

> From: aucoingc@att.net
> To: bdpringle@msn.com; mary.stuart@huschblackwell.com
> CC: aucoingc@att.net
> Subject: RE: Earnst. v. Lockheed Martin
> Date: Thu, 7 May 2009 00:40:38 +0000
>
> Magistrate Pringle:
>
> Have you heard anything from Mary Stuart on behalf of Lockheed? She has not responded to
any of my phone calls, letters or 3-mails to you. My client is ready to begin arbitration.
>
> George Aucoin
> Attorney for Joseph M. Ernest
>
>
> ------------- Original message ---------------------
> From: Bruce Pringle <bdpringle@msn.com>
> >
> >
> > Sure. If both you and Mary want to appoint me as the arbitrator, just 3-mail me
> > and let me know. If so, we should set up a time for a telephonic scheduling
> > conference. I am available on Tues and Wednesday this week. Next week I am out
> > of pocket because I will be traveling back to Denver. I am available the entire
> > week of May 11th.
> >
> > > From: aucoingc@att.net
> > > To: bdpringle@msn.com; mary.stuart@huschblackwell.com
> > > Subject: Re: Earnst. v. Lockheed Martin
> > > Date: Sun, 26 Apr 2009 10:58:38 +0000
> > >
> > > Judge Pringle:
> > >
> > > If the parties want you to arbitrate this matter, including the a priori issue
> > > of "What agreement applies?" are you still available as previously discussed? My
> > client wanted to get that question answered before an arbitrator was retained
> > but, perhaps, as I think you are indicating, its only a question that can be
> > answered after we begin an arbitration proceeding.
> > >
> > > George Aucoin
> > > Attorney for Joseph Max Ernest
> > > ------------- Original message ---------------------
> > > From: Bruce Pringle <bdpringle@msn.com>
> > > >

 at&t

From:    "Stuart, Mary" <Mary.Stuart@huschblackwell.com>
To:    <aucoingc@att.net>,"Bruce Pringle" <bdpringle@msn.com>
Subject:    RE: Earnst. v. Lockheed Martin
Date:    Thursday, May 7, 2009 7:28:58 PM

Judge Pringle,

I advised Mr. Aucoin back in March that Lockheed Martin was very willing
to have you serve as the arbitrator in this matter.  We believe you to
be well qualified and neutral.

Mary Hurley Stuart
Partner
Husch Blackwell Sanders LLP
1700 Lincoln Street, Suite 4700,
Denver, CO  80203
Direct Phone: 303.749.7207
Direct Fax: 303.749.7272
E-Mail: mary.stuart@huschblackwell.com
Website: www.huschblackwell.com

Pursuant to IRS requirements, we inform you that any federal tax advice contained in this
message (including all constituent email correspondence, attachments, enclosures and/or
exhibits) is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein. ~#13f

-----Original Message-----

From: aucoingc@att.net [mailto:aucoingc@att.net]
Sent: Wednesday, May 06, 2009 6:41 PM
To: Bruce Pringle; Stuart, Mary
Cc: aucoingc@att.net
Subject: RE: Earnst. v. Lockheed Martin

   Magistrate Pringle:

     Have you heard anything from Mary Stuart on behalf of Lockheed?
She has not responded to any of my phone calls, letters or 3-mails to
you.  My client is ready to begin arbitration.

                              George Aucoin
                              Attorney for Joseph M.
Ernest

--------- ----- Original message ----------- --- --------
From: Bruce Pringle <bdpringle@msn.com>
>
>
> Sure.  If both you and Mary want to appoint me as the arbitrator, just

Case No. 1:07-cv-02038-WYD-KLM   Document 62-1   filed 05/08/09   USDC Colorado   pg 21
of 25

To: Mary" <Mary.Stuart@huschblackwell.com> Stuart, ...                    Page 1 of 3

 **at&t**                                                    [···][···]

From:  aucoingc@att.net
  To:  "Stuart, Mary" <Mary.Stuart@huschblackwell.com>, "Bruce Pringle" <bdpringle@msn.com>, aucoingc@att.net
Subject:  Re: Earnst. v. Lockheed Martin
  Date:  Thursday, May 7, 2009 7:34:22 PM


Magistrate Pringle:

   When is your preference for a phone conference?

        George Aucoin
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Stuart, Mary" <Mary.Stuart@huschblackwell.com>

Date: Thu, 7 May 2009 19:28:10
To: <aucoingc@att.net>; Bruce Pringle<bdpringle@msn.com>
Subject: RE: Earnst. v. Lockheed Martin


Judge Pringle,

I advised Mr. Aucoin back in March that Lockheed Martin was very willing
to have you serve as the arbitrator in this matter.  We believe you to
be well qualified and neutral.


Mary Hurley Stuart
Partner
Husch Blackwell Sanders LLP
1700 Lincoln Street, Suite 4700,
Denver, CO  80203
Direct Phone: 303.749.7207
Direct Fax: 303.749.7272
E-Mail: mary.stuart@huschblackwell.com
Website: www.huschblackwell.com




Pursuant to IRS requirements, we inform you that any federal tax advice contained in this
message (including all constituent email correspondence, attachments, enclosures and/or
exhibits) is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein. ~#13f

-----Original Message-----

From: aucoingc@att.net [mailto:aucoingc@att.net]
Sent: Wednesday, May 06, 2009 6:41 PM
To: Bruce Pringle; Stuart, Mary
Cc: aucoingc@att.net
Subject: RE: Earnst. v. Lockheed Martin


   Magistrate Pringle:

http://webmail.att.net/wmc/en-US/v/wm/4A04C097000BB4D600006AF122230680329B0...    5/8/2009

 **at&t**

From: Bruce Pringle <bdpringle@msn.com>
To: <aucoingc@att.net>, <mary.stuart@huschblackwell.com>
Subject: RE: Earnst. v. Lockheed Martin
Date: Thursday, May 7, 2009 9:42:17 PM

Next week, I am available on Monday in the afternoon; or any time Tuesday or Wednesday. Please schedule a time next week that is mutually convenient for the two of you, and that fits my schedule as outlined above. I do not have conferencing capacity on my phone, so it would be best if you can call me or provide me with a call-in number.

I would like to see a copy of the arbitration agreement prior to the conference call. If one of you could scan it and e-mail it to me, I would appreciate it.

Thank you

> To: Mary.Stuart@huschblackwell.com; bdpringle@msn.com; aucoingc@att.net
> Subject: Re: Earnst. v. Lockheed Martin
> From: aucoingc@att.net
> Date: Fri, 8 May 2009 00:34:22 +0000
>
> Magistrate Pringle:
>
> When is your preference for a phone conference?
>
> George Aucoin
> Sent from my Verizon Wireless BlackBerry
>
> -----Original Message-----
> From: "Stuart, Mary" <Mary.Stuart@huschblackwell.com>
>
> Date: Thu, 7 May 2009 19:28:10
> To: <aucoingc@att.net>; Bruce Pringle<bdpringle@msn.com>
> Subject: RE: Earnst. v. Lockheed Martin
>
>
> Judge Pringle,
>
> I advised Mr. Aucoin back in March that Lockheed Martin was very willing
> to have you serve as the arbitrator in this matter. We believe you to
> be well qualified and neutral.
>
>
> Mary Hurley Stuart
> Partner
> Husch Blackwell Sanders LLP
> 1700 Lincoln Street, Suite 4700,
> Denver, CO 80203
> Direct Phone: 303.749.7207
> Direct Fax: 303.749.7272
> E-Mail: mary.stuart@huschblackwell.com

 **at&t**                                                                    [Top][Top]

From:  aucoingc@att.net
To:    Bruce Pringle <bdpringle@msn.com>, <mary.stuart@huschblackwell.com>
Cc:    aucoingc@att.net
Subject: RE: Earnst. v. Lockheed Martin
Date:  Thursday, May 7, 2009 10:54:13 PM


Magistrate Pringle:

      Attached is a copy of the Arbitration Agreement per your request.  Any of the three
days is fine with me with the best day, for me, being Wednesday in the afternoon. Mary,
unless I hear differently from you, lets plan for a 1:00 p.m. Mountain Time teleconference
on Wednesday, May 13th; I'll provide everyone with a call in number for the conference
call.

                                    George Aucoin
                                    Attorney for Joseph M. Ernest

-------------- Original message ---------------------
From: Bruce Pringle <bdpringle@msn.com>
>
>
> Next week, I am available on Monday in the afternoon; or any time Tuesday or
> Wednesday.  Please schedule a time next week that is mutually convenient for the
> two of you, and that fits my schedule as outlined above.  I do not have
> conferencing capacity on my phone, so it would be best if you can call me or
> provide me with a call-in number.
>
>
>
> I would like to see a copy of the arbitration agreement prior to the conference
> call.  If one of you could scan it and e-mail it to me, I would appreciate it.
>
>
> Thank you
>
>
> > To: Mary.Stuart@huschblackwell.com; bdpringle@msn.com; aucoingc@att.net
> > Subject: Re: Earnst. v. Lockheed Martin
> > From: aucoingc@att.net
> > Date: Fri, 8 May 2009 00:34:22 +0000
> >
> > Magistrate Pringle:
> >
> > When is your preference for a phone conference?
> >
> > George Aucoin
> > Sent from my Verizon Wireless BlackBerry
> >
> > -----Original Message-----
> > From: "Stuart, Mary" <Mary.Stuart@huschblackwell.com>
> >
> > Date: Thu, 7 May 2009 19:28:10
> > To: <aucoingc@att.net>; Bruce Pringle<bdpringle@msn.com>
> > Subject: RE: Earnst. v. Lockheed Martin
> >
> >
> > Judge Pringle,
> >
> > I advised Mr. Aucoin back in March that Lockheed Martin was very willing

EXHIBIT "G"

 at&t

From: aucoingc@att.net
To: bdpringle@msn.com
Cc: mary.stuart@huschblackwell.com
Subject: Ernest v. Lockheed Martin Corp
Date: Friday, April 10, 2009 6:15:12 PM

Magistrate Pringle:

Thank you for spending the time this week to share your experience in private practice and on the bench, especially with regard to your particular experience with labor and employment law issues and the application of federal statutory law in that area.

Before my client Joseph Ernest will authorize proceeding with a Case Management Order in a Court Ordered Arbitration he asks that you take a moment to review the Court Order on arbitration issued by the District Court Judge in this case: Joseph M. Ernest v. Lockheed Martin Corporation, USDC Colo., 1:07-cv-02038-WYD-KLM, EM/ECF Doc. No. 56. The Court Order (Doc. No. 56) references the true and correct copy of the arbitration agreement at issue in this matter which was presented to the Court as an attachment to Defendant's Motion to Dismiss (EM/ECF Doc. No. 9) as Defendant's Exhibit "A" (EM/ECF Doc. No. 9-2). The Court quotes liberally from the arbitration agreement (Doc. No. 9-2) in its Order.

After review of the arbitration agreement ruled valid by the Court, the question Mr. Ernest has for you Judge is: Would you proceed any differently than we discussed this week during an arbitration of this matter, e.g. allow for adequate discovery, consider the full range of relief as provided by statute, and to provide a written and reasoned ruling at the close of arbitration proceedings?

Mr. Ernest believes answering that question, after your review of the true and correct copy of the arbitration agreement presented by the Defendant to the Court and upon which the Court made its ruling, is the last issue Mr. Ernest has regarding a determination of your neutrality in the proposed arbitration proceedings.

If you no longer have PACER access to Electronic files at USDC Colo. please let me know and I'll provide you copies of the documents I reference in this communication.

Respectfully,

George Aucoin
Attorney for Joseph M. Ernest