IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-02038-WYD-KLM

JOSEPH M. ERNEST,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

    Defendant.

**ORDER**

I.     <u>INTRODUCTION</u>

    THIS MATTER is before the Court on the Motion for Contempt and Dismissal With Prejudice (docket #60), filed April 23, 2009 (the "motion") by Defendant.  Upon receipt of the motion, on April 24, 2009, I issued an Order reopening the case.  I further set a hearing for June 12, 2009 on the pending motion, giving Plaintiff until May 8, 2009 to file a response to the motion.  I also ordered Plaintiff and his counsel to appear at the hearing and respond as to why they should not be held in contempt of court and why remedial and/or punitive sanctions should not be entered against them.  Plaintiff filed his response on May 8, 2009, and Defendant filed a reply on May 26, 2009.  On June 12, 2009, I held a hearing on the motion.  After carefully reviewing the file and hearing argument from each party at the hearing, I enter the following order for the reasons stated on the record.

II.     BACKGROUND

By way of background, I note that in this case the Plaintiff asserts the following two claims for relief arising out of Defendant's alleged failure to reemploy him following his military service in Iraq: (1) a claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and (2) a claim for civil fines under Colorado law. Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or in the alternative stay these proceedings pending the outcome of arbitration. In an Order dated July 29, 2008 (docket #56), I denied Defendant's motion to the extent that it requested dismissal of this action. However, I granted Defendant's motion to the extent that it requested that this matter be stayed pending arbitration.[1] I also ordered that pursuant to 9 U.S.C. §§ 3-4, the parties shall proceed with arbitration in accordance with the arbitration agreement. I further ordered that this Court shall retain jurisdiction until arbitration has been completed. Since the length of the arbitration process is uncertain, I administratively closed this case pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown.

III.    MOTION FOR CONTEMPT AND DISMISSAL WITH PREJUDICE

In the pending motion, Defendant requests that I declare Plaintiff and his counsel

---

[1] Since my Order, another Circuit Court of Appeals and two other judges from this Court have ruled that USERRA claims are arbitrable. *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d, 563 (6th Cir. 2008); *Ohlfs v. Charles Schwab & Co.*, No. 08-cv-00710-LTB-MEH, 2008 U.S. Dist. LEXIS 82943 (D. Colo. Sept. 25, 2008) (Babcock, J.); and *Will v. Parsons Evergreene, LLC,* No. 08-cv-00898-DME-CBS, 2008 U.S. Dist. LEXIS 10531 (D. Colo. Dec. 19, 2008) (Ebel, J.).

in civil contempt of court and to impose appropriate sanctions. Defendant also requests that I dismiss this action with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and to comply with my July 29, 2008 Order.

Defendant states that despite my Order compelling arbitration of Plaintiff's claim under USERRA, Plaintiff has insisted that he will not arbitrate. Defendant argues that in the ten months since my Order, Plaintiff has refused to participate in good faith in the selection of an arbitrator and has stated repeatedly that he will not participate in arbitration proceedings. I note that Plaintiff neither requested a stay of my Order, nor did he appeal.

Defendant further asserts that after the parties could not reach agreement on a neutral arbitrator, Defendant requested that the matter be submitted to the American Arbitration Association ("AAA"). Plaintiff's counsel responded with the following letter provided in part:

> Do you practice being obtuse, or is does [sic] that trait come naturally? . . . I will again reframe the consistency of Mr. Ernest's position for you in a way that I think even you can understand. . . .
>
> For now, however, this matter is stayed, pending resolution through arbitration, which itself is not a virtual certainty. **Mr. Ernest doesn't want to arbitrate this matter**. A Denver U.S. District Court Judge [Judge Daniel], citing jurisprudence from outside the 10th Circuit Court of Appeal [sic], has ruled that arbitration is appropriate. The United States Congress, my client, and I disagree.
>
> . . . [I]t is worth waiting for passage of [legislation] so as to return to the jurisdiction of the U.S. District Court rather than to arbitrate this matter . . .
>
> **Lockheed Martin Corp.'s arrogance and your personal ham-handed handling of its defense has resulted in Mr. Ernest being unwilling to arbitrate this matter with you . . .**

> So counselor, the answer is no. No, I cannot accept your proposal to submit this matter to AAA, and ask them to provide a list of arbiters from which we can select. . . . Well then, counselor; **Mr. Ernest will wait for the passage of the new law** reiterating Congress's intent . . . Let me reiterate my first comment to you, counsel you must be obtuse not to understand the consistency of Mr. Ernest's position - it has not changed a degree since I first spoke to you after filing suit. . .
>
> Otherwise, keep an eye on Servicemember's Access to Justice Act in Congress because **its passage and signature into law is about the only thing that will advance this matter from the stasis that you have put it in.**

(Plaintiff's Counsel's letter to Defense Counsel dated October 17, 2008, Ex. 2) *(*emphasis added)*. Defendant states that the legislation Plaintiff refers to in his letter never came up for a vote in either chamber while the 110th Congress was in session. Further, in the 111th Congress, the proposed legislation is currently stalled in both the Senate and the House of Representatives committees. Neither chamber has scheduled the legislation for a vote. (Ex. 3 and 4.)

Defendant claims that Plaintiff continued to refuse to arbitrate until March 2, 2009. Defendant requested that Plaintiff propose three neutral arbitrators. Plaintiff refused. The Defendant stated that it would seek contempt from the Court if the matter was not resolved. Then, Plaintiff offered several names including former Magistrate Judge Bruce Pringle as potential arbitrators. Following a conference call with Judge Pringle, Defendant argues that Plaintiff demanded to have several issues resolved in advance of the proceedings, which Defendant refused. Thus, Defendant filed the instant motion.

In response, Plaintiff claims that he has never refused to arbitrate or to participate in the selection of a neutral arbitrator. He argues that he was in the process

of selecting a neutral arbitrator before the instant motion was filed. He states that Defendant's motion has no basis in fact and distorts the truth.

IV.     ANALYSIS

    A.     Dismissal of an Action Pursuant to Fed. R. Civ. P 41(b)

In the motion, Defendant first requests that I dismiss this case with prejudice under Fed. R. Civ. 41(b). Rule 41(b) states, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." "The sanction of dismissal with prejudice for failure to prosecute is a severe sanction, a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (internal quotation omitted).

The Tenth Circuit has "identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under Fed. R. Civ. 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (the factors set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (the *"Ehrenhaus* factors"). Under this framework, "dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.* at 1144.

Turning to the case at hand, for the reasons stated on the record at the June 12, 2009 hearing, I do not find that the *Ehrenhaus* factors have been satisfied. Dismissal of

this matter with prejudice is a drastic remedy, and I do not find that the record supports such a severe sanction. In fact, defense counsel stated on the record at the June 12, 2009 hearing that she understood my opposition to her request for dismissal. Accordingly, the motion to dismiss is denied.

### B.   Civil Contempt

Defendant next requests that I declare Plaintiff and his counsel in civil contempt of court and impose appropriate sanctions. There are two types of contempt: civil and criminal contempt. *Fed. Trade Commission v. Kuykendall*, 371 F.3d 745, 751 (10th Cir. 2004). A contempt sanction is considered civil if it is remedial and for the benefit of the complainant. *Kuykendall*, 371 F.3d at 751. In addition, civil contempt proceedings "'are considered to be a part of the action from which they stem.'" *Id.* at 753 (quotation omitted). Civil contempt "'is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance.'" *Law v. National Collegiate Athletic Assoc.*, 134 F.3d 1438, 1442 (10th Cir. 1998) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). Criminal contempt, on the other hand, is generally punitive in nature, and designed to vindicate the authority of the court. *Mellon v. Cessna Aircraft Co.*, Nos. 00-3023, 99-3292, 2000 WL 1208322 (10th Cir. 2000) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)).

Civil contempt is appropriate when there is a showing by clear and convincing evidence of a party's violation of an order. *McComb*, 336 U.S. at 191. The party seeking a contempt citation has the burden of proving by clear and convincing evidence

(1) that a valid court order existed; (2) that Defendants had knowledge of the order; and (3) that Defendants disobeyed the order. *Kuykendall*, 371 F.3d at 756-57. The Court has "'broad discretion in using its contempt power to require adherence to court orders.'" *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, (10th Cir. 1992) (quoting *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982)).

Where the nature of the sanction in a civil contempt finding is to compel or coerce adherence to a court order, "the court must consider 'the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the desired result.'" *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quotation omitted). Although the court has "'broad discretion in using its contempt power to require adherence to court orders,'" *id.* (quoting *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982), "a court must exercise 'the least possible power adequate to the end proposed.'" *Id.* (quotation omitted). "To be consistent with these principles, coercive civil sanctions may continue only 'until terminated by compliance.'" *Id.* "On the other hand, '[i]f a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy.'" *Id.* (quotation omitted). "'[I]n the absence of evidence showing the amount of the loss, any sum awarded by the court is speculative and therefore arbitrary.'" *Id.* (quotation omitted).

In this case, it is clear that a valid court order existed and that all parties had knowledge of that order. As I stated extensively on the record at the June 12, 2009

hearing, I have serious concerns about the past conduct of Plaintiff's counsel in this matter. I find that the tendered exhibits show that Plaintiff's counsel has been abusive, unprofessional and refused to arbitrate in clear defiance of my July 29, 2008 Order. However, it appears that immediately prior to and after Defendant filed the instant motion, Plaintiff's counsel started complying, and his conduct has significantly improved. Based on the more recent record, I find that an order of contempt is not appropriate at this time. It is in the interest of justice for this matter to proceed to arbitration, and the parties represented to the Court that arbitration will commence on November 17, 2009 with Magistrate Judge Pringle serving as the neutral arbitrator. However, the parties are on notice that for the reasons stated on the record, I will defer a ruling on the motion for contempt until after the arbitration process is complete.

V.   CONCLUSION

Based on the foregoing, it is

ORDERED that the Defendant's Motion for Contempt and Dismissal With Prejudice (docket #60), filed April 23, 2009, is **DENIED to the extent that it seeks dismissal with prejudice of this matter**. **To the extent that the motion seeks a declaration of civil contempt, the motion is DEFERRED until the completion of the arbitration process scheduled to commence on November 17, 2009.** It is

FURTHER ORDERED that the parties shall file a brief status report not later than **Friday, August 28, 2009** concerning the progress of this case and the issues raised at the June 12, 2009 hearing. It is

FURTHER ORDERED that the parties shall file a second brief status report not

later than **Friday, November 20, 2009** indicating the outcome of the arbitration process and any information relevant to the contempt issue.  Upon my receipt of this second status report, I will rule on the pending motion for contempt.

Dated: June 16, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge