IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-02038-WYD-KLM

JOSEPH M. ERNEST,

  Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

  Defendant.

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Partially Vacate Arbitration Award (ECF No. 78) and Plaintiff's Motion to Confirm Arbitration Award (ECF No. 81).  After carefully reviewing the file and both the arbitrator's Interim Order and Final Order, I find that the motions should be denied and the matter should be remanded back to the arbitrator for a mutual, final and definite award on the limited issue of back pay damages.

By way of background, Plaintiff brought the action in this Court and asserted the following two claims for relief arising out of Defendant's alleged failure to reemploy him following his military service in Iraq: (1) a claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and (2) a claim for civil fines under Colorado law.  In an order dated July 29, 2008 (ECF No. 56), I directed the parties to proceed with arbitration in accordance with the arbitration agreement pursuant to 9 U.S.C. §§ 3-4.

In November, 2009, former Magistrate Judge Pringle[1], the arbitrator, held an arbitration hearing in this matter. On December 29, 2009, former Magistrate Judge Pringle issued an Interim Award in favor of Plaintiff and against Defendant in the amount of $161,463 in back pay damages plus pre-award interest in the amount of $16,550. On March 1, 2010, former Magistrate Judge Pringle issued a Final Award. In that Final Award, however, former Magistrate Judge Pringle stated the following:

> Plaintiff is awarded $178,013.00 in back pay and prejudgment interest, *subject to any modification in the amount that might be necessary in the event the District Court grants all or any part of the relief sought in Defendant's Motion for Reconsideration.* Plaintiff's request for attorney fees, expert witness fees and expenses is GRANTED IN PART, and Plaintiff is hereby awarded $77,187.50 in attorney fees, $10,676.49 in expert witness fees, and $6408.55 in other costs and expenses. Defendant's Request for Reconsideration of Damage Award is DENIED WITHOUT PREJUDICE.

(Arbitrator's Final Award at 4) (emphasis added).

Turning to my analysis, the Tenth Circuit has consistently held that an arbitration award may only be vacated under the limited circumstances set forth in the FAA, 9 U.S.C. § 10, or under certain judicially-created exceptions, such as an arbitrator's manifest disregard for the law. *Hicks v. Cadle Co.*, Nos. 08-1306, 08-1307, 08-1435, 2009 WL 4547803, at *7 (10th Cir. Dec. 7, 2009). Section 10 of the FAA permits vacatur "where the arbitrators exceeded their powers" or when the arbitrator fails to make a "mutual, final, and definite award upon the subject matter submitted." 9 U.S.C.

---

[1] Mr. Bruce Pringle, the arbitrator, is a former United States Magistrate Judge for the District of Colorado.

§ 10(a)(4); *See Bowen v. Amoco Pipeline Co*, 254 F.3d 925, 932 (10th Cir. 2001). As the Supreme Court recently reaffirmed, the party seeking vacatur under Section 10 "must clear a high hurdle". *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1767 (2010). The arbitrator must "resolve all issues submitted to the arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award." *Gas Aggregation Services, Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1069 (8th Cir. 2003).

In reviewing former Magistrate Judge Pringle's Final Award, I find that it does not fully decide the issue of back pay damages. Instead, former Magistrate Judge Pringle leaves the Final Award open for judicial determination "subject to any modification in the amount that might be necessary in the event the District Court grants all or any part of the relief sought in Defendant's Motion for Reconsideration." (Final Award at 4.) Thus, I find that the arbitrator failed to make a final determination on the limited issue of back pay damages.

Former Magistrate Judge Pringle also states in the Final Award that the issue of whether an undue delay in the ultimate resolution of the dispute was caused by Plaintiff's unreasonable conduct "is a fact intensive inquiry that likely requires the presentation of evidence, although perhaps the judicial officer who presided over the proceedings might have sufficient insight into the matter to resolve the question without an evidentiary hearing." (Final Award at 4.) Former Magistrate Judge Pringle cites no authority for his determination to "carve out" a limited issue from the entire arbitration proceeding and specifically refer it to the District Court for review, and I could not locate

any such authority.  Thus, I find the arbitrator's action improper under both 9 U.S.C. § 10(a)(4) and the Arbitration Agreement.

The Tenth Circuit has held that "remand for clarification is necessary" when "there is more than one reasonable interpretation of the arbitration panel's award." *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 831 (10th Cir. 2005) (citing numerous decisions where other circuits have determined that a district court may remand an award to the arbitrator for clarification).  "It is not the role of the courts to interpret vague arbitration awards."  *Id.* at 834.

Here, while I have the authority to vacate the arbitrator's award under 9 U.S.C. § 10(a)(4), I find that remanding the matter back to the arbitrator is more appropriate as I conclude "there is more than one reasonable interpretation of the arbitrat[or's] [back pay] award."  *See id.*  The Interim Award awards Plaintiff a specific amount of damages for back pay, however, the Final Award contradicts the Interim Award and leaves the amount of back pay damages open for "modification in the amount that might be necessary in the event the District Court" intervenes.  (Final Award at 4.)  Thus, I find the arbitrator's Interim and Final Awards inconsistent, ambiguous and appropriate for remand.

Moreover, remand is also reasonable in light of the parties' intent in the Arbitration Agreement to have the arbitrator determine issues such as back pay damages.  Pursuant to the Arbitration Agreement, the parties agreed to have all disputes "arising out of or relating to . . . [Plaintiff's] application, hiring, employment, terms and conditions of employment, or . . . [his] separation from employment, including

. . . claims relating to employment discrimination . . . covered by federal, state, or local laws, ordinances, statutes or state common law or tort law" determined by an arbitrator. (Arbitration Agreement ¶ 2.) The Arbitration Agreement clearly encompasses the issue of back pay damages. Furthermore, in their respective pleadings, the parties suggest that remanding the back pay issue is an appropriate remedy. *See* Pl.'s Resp. at 8, Def.'s Reply at 5. Thus, I find that pursuant to the controlling authority and 9 U.S.C. § 10(a)(4), this matter should be remanded back to the arbitrator for clarification. The arbitrator shall issue a mutual, final and definite award with respect to back pay damages leaving nothing open for judicial determination.

Accordingly, it is

ORDERED that Defendant's Motion to Partially Vacate Arbitration Award (ECF No. 78) and Plaintiff's Motion to Confirm Arbitration Award (ECF No. 81) are **DENIED.** It is

FURTHER ORDERED that pursuant to 9 U.S.C. § 10(a)(4), this matter is **REMANDED** back to the arbitrator, former Magistrate Judge Pringle, to issue a mutual, final and definite award with respect to back pay damages leaving nothing open for judicial determination. It is

FURTHER ORDERED that in light of my rulings in this Order, the hearing set for **Tuesday, October 26, 2010 is hereby VACATED.**

Dated: September 1, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge